**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | No. 3-22-CV-02191 |
| | § | |
| COLLISION MAXX USA INC., | § | |
| TONNY CHACKO, AND | § | |
| JENNIFER SHIPPER, | § | |
| | § | |
| **Defendants** | § | |

## COMPLAINT

The United States of America files its Complaint against Defendants Collision Maxx USA Inc., Tonny Chacko and Jennifer Shipper.

**I.**

## Jurisdiction and Venue

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 29 U.S.C. § 216.

2.      Defendant Collision Maxx USA Inc. ("Collision Maxx") is a resident of the Northern District of Texas and presently resides within this judicial district with the following last known address or principal office:

> c/o Jennifer Shipper, Registered Agent
> 1600 SW Wilshire
> Burleson, Texas 76028

Therefore, venue lies in this Court under 28 U.S.C. § 1391(b).

Defendants Tonny Chacko and Jennifer Shipper may be served at 1600 SW Wilshire, Burleson, Texas 76208.

## II.

## Background Facts

1.      Following an investigation by the U.S. Department of Labor it was determined that Defendant Collision Maxx had failed to properly pay its employees wages due them under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. On May 25, 2017 Defendant Collision Maxx signed a Form WH-56 agreeing to pay its employees the back wages due. Attached as Exhibit A is a true and correct copy of the signed Form WH-56 setting out the amounts of back wages owed, which exhibit is incorporated herein.

2.      Defendant Collision Maxx failed to pay all of the back wages due and after crediting all lawful credits and offsets, Defendant now owes a balance of $23,954.22 in unpaid back wages for this Form WH-56.

3.      Following a second investigation by the U.S. Department of Labor it was determined that Defendant Collision Maxx had failed to properly pay its employees wages due them under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. On May 4, 2018 Defendant Collision Maxx signed a Form WH-56 agreeing to pay its employees the back wages due. Attached as Exhibit B is a true and correct copy of the signed Form WH-56 setting out the amounts of back wages owed, which exhibit is incorporated herein.

4.      Defendant Collision Maxx failed to pay all of the back wages due and after crediting all lawful credits and offsets, Defendant now owes a balance of $3,168.57 in unpaid back wages for this Form WH-56.

5.      Pursuant to 29 U.S.C. § 216(c), Plaintiff is entitled to sue for and collect all unpaid back wages owed by Defendant Collision Maxx, along with an additional amount equal to the unpaid back wages as liquidated damages.

6.      Defendant Collision Maxx, a for-profit corporation was organized on January 6, 2015 and continued to do business as a corporate entity until January 26, 2018 when its right to do business as a corporation was forfeited for failure to pay franchise tax as provided in Section 171.251 of the Texas Tax Code.

7.      Defendant Collision Maxx failed to file the reports with the Comptroller of Public Accounts of Texas as required by statute and to pay the franchise tax due on or before May 15, 2017.

8.      The Comptroller of Public Accounts properly notified Defendant Collision Maxx that if the overdue report was not filed and the overdue tax, with penalties, was not paid within 45 days of the mailing of the notice, Defendant Collision Maxx's right to do business in Texas would be forfeited without judicial ascertainment, under Section 171.251 of the Texas Tax Code.

9.      Defendant Collision Maxx, having failed to file the reports or to pay the franchise tax on or before day 45 after such notice was mailed to it, on January 26, 2018, forfeited its right to do business in Texas without judicial ascertainment.

10.     Pursuant to Section 171.309 of the Texas Tax Code, the Secretary of State determined all statutory provisions had been complied with and that the privileges of Defendant Collision Maxx should be forfeited without judicial ascertainment.

11.     The forfeiture was duly effected by the Secretary of State by entering, on January 26, 2018, the word "Forfeited" on Defendant Collision Maxx's charter filed in the office of the Secretary of State while citing Section 171.309 of the Texas Tax Code, as authority for the forfeiture. Defendant Collision Maxx's corporate privileges have not been revived.  Attached as Exhibit C is a copy of the Secretary of State's forfeiture of Defendant Collision Maxx's corporate charter.

12.     Defendant Jennifer Shipper became active in Defendant Collision Maxx as a director, on January 6, 2015, and based upon information and belief continued to act in that capacity through the events outlined in this Complaint, even though the privileges of Defendant Collision Maxx had been forfeited as set forth above.

13.     Defendant, Tonny Chacko, became active in Defendant Collision Maxx as a director on August 23, 2016, and based upon information and belief continued to act in that capacity through the events outlined in this Complaint, even though the privileges of Defendant Collision Maxx had been forfeited as set forth above.

14.     The transactions and indebtedness referred to in Paragraphs 3 and 4 of this Complaint occurred and accrued after May 15, 2017, the date Defendant Collision Maxx's franchise tax was due that it failed to pay.

15.     Pursuant to Section 171.255 of the Texas Tax Code, Defendant Chacko and Defendant Shipper are bound, as if a partner, to the debt of $3,168.57 in unpaid back wages, plus any applicable interest, penalties and administrative costs. Under this provision "each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived." TEX. TAX CODE § 171.255(a).

16.     As set forth in the attached Certificate of Indebtedness, which is attached hereto and made a part hereof as Exhibit D, interest has accrued on the assessed penalties in these amounts, as provided by 31 U.S.C. § 3717(a)-(d), and non-payment penalties and administrative costs have been added to the assessed penalties in this citation, as provided by 31 U.S.C. §§ 3711(g)(6)-(7); 3717(e); 31 C.F.R. §§ 285.12(j); 901.1(f).

17.     As of June 29, 2022 Defendant is indebted to the United States in the amount of $49,265.53 (principal, interest, non-payment penalties and administrative costs) for the unpaid back wages as set forth in the Certificate of Indebtedness.

18.     As of June 29, 2022, Defendant Chacko and Defendant Shipper are jointly and severally indebted to the United States in the amount of $5,716.87

(principal, interest, non-payment penalties and administrative costs) for the unpaid back wages as set forth in the Certificate of Indebtedness.

## III.

## Demand

The United States respectfully requests judgment against Defendant Collision Maxx USA Inc., in the amount of $49,265.33.   The United States respectfully requests judgment against Defendant Tonny Chacko and Defendant Jennifer Shipper in the amount of $5,716.87. The United States further requests prejudgment interest and non-payment penalties as allowed by law from June 30, 2022 to the date of judgment, post-judgment interest, its costs of suit and for such other and further relief as the Court may deem just and proper.


Respectfully submitted,

RAY & WOOD

By _____
    Doug W. Ray
    State Bar No. 16599200

300 Beardsley Lane, Suite B-100
Austin, Texas 78746
(512) 328-8877 (Telephone)
(512) 328-1156 (Facsimile)
dray@raywoodlaw.com
**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

WHD

# Summary of Unpaid Wages

## U.S. Department of Labor
Wage and Hour Division



| Office Address: | Dallas TX District Office<br>Dallas District Office<br>1701 E. Lamar<br>Suite 270<br>Arlington, TX 76006<br>817-861-2150 | | Investigator:<br>Luis Decker | | | Date:<br>03/28/2017 |
|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: 47-2743973 | | | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
|---|---|---|---|---|---|
| 1. Blanco, Domingo | | 09/21/2016 to 10/12/2016 | FLSA | $618.75 | $618.75 |
| 2. Estrada, Fernando | | 08/17/2016 to 02/15/2017 | FLSA | $2,145.54 | $2,145.54 |
| 3. Freire, Juan | | 02/18/2015 to 01/18/2017 | FLSA | $1,065.54 | $1,065.54 |
| 4. Lopez, Alonso | | 02/18/2015 to 08/26/2015 | FLSA | $869.73 | $869.73 |
| 5. Lopez, Benjamin | | 02/18/2015 to 02/15/2017 | FLSA | $95.63 | $95.63 |
| 6. Maya, Alex | | 08/10/2016 to 02/15/2017 | FLSA | $831.43 | $831.43 |
| 7. Mejia, Orlando | | 02/18/2015 to 02/15/2017 | FLSA | $2,226.56 | $2,226.56 |
| 8. Olivera, Noe | | 04/20/2016 to 02/15/2017 | FLSA | $4,301.79 | $4,301.79 |
| 9. Pineda, Hugo | | 02/18/2015 to 05/11/2016 | FLSA | $1,857.59 | $1,857.59 |

| I agree to pay the listed employees the amount due shown above by 06/28/2017 29 AUG 2017<br><br>Signed: <br><br>Date: 25 MAY 2017 | Employer Name and Address:<br>Collision Maxx<br>Collision Maxx USA, Inc.<br>1600 SW Wilshire Blvd<br>Burleson TX 76028 | Subtotal: $14,012.56 | $14,012.56 |
|---|---|---|---|
| | | Total: $23,954.22 | $23,954.22 |

Form WH-56

**EXHIBIT A**

## Summary of Unpaid Wages

## U.S. Department of Labor
Wage and Hour Division



| Office Address: | Dallas TX District Office<br>Dallas District Office<br>1701 E. Lamar<br>Suite 270<br>Arlington, TX  76006<br>817-861-2150 | | Investigator:<br>Luis Decker | | Date:<br>03/28/2017 |
|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: 47-2743973 | | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
|---|---|---|---|---|---|
| 10. Ramirez, Jose | | 03/30/2016<br>to<br>10/12/2016 | FLSA | $2,800.45 | $2,800.45 |
| 11. Sanchez, Alex | | 05/11/2016<br>to<br>02/15/2017 | FLSA | $839.73 | $839.73 |
| 12. Solis, Sergio | | 11/04/2015<br>to<br>02/15/2017 | FLSA | $1,370.63 | $1,370.63 |
| 13. Valdez, Anthony | | 02/18/2015<br>to<br>02/15/2017 | FLSA | $3,519.64 | $3,519.64 |
| 14. Wilson, Jay | | 02/17/2016<br>to<br>02/15/2017 | FLSA | $735.00 | $735.00 |
| 15. Zavala, Edgar | | 11/02/2016<br>to<br>02/15/2017 | FLSA | $676.21 | $676.21 |

| I agree to pay the listed employees the amount due shown above by 06/28/2017<br><br>29 AUG 2017<br><br>Signed: _____<br><br>Date: 25 May 2017 | Employer Name and Address:<br>Collision Maxx<br>Collision Maxx USA, Inc.<br>1600 SW Wilshire Blvd<br>Burleson TX 76028 | Subtotal: | $9,941.66 | $9,941.66 |
|---|---|---|---|---|
| | | Total: | $23,954.22 | $23,954.22 |
| | | | | |

Form WH-56

**EXHIBIT A**

# Summary of Unpaid Wages

## U.S. Department of Labor
Wage and Hour Division



| Office Address: | Dallas TX District Office<br>Dallas District Office<br>1701 E. Lamar<br>Suite 270<br>Arlington, TX 76006<br>817-861-2150 | | Investigator:<br>Steven Bethurem | | | Date:<br>05/04/2018 |
|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | | 47-2743973 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
|---|---|---|---|---|---|
| 1. Alvarado, Kevin | 525 Meadow Street<br>Fort Worth, TX 76179 | 05/24/2017<br>to<br>02/28/2018 | FLSA | $528.63 | $528.63 |
| 2. Ford, Maegan | | 04/05/2017<br>to<br>06/14/2017 | FLSA | $471.63 | $471.63 |
| 3. Jimenez, James | 2018 CR 401<br>Alvarado, TX 76009 | 08/23/2017<br>to<br>12/20/2017 | FLSA | $474.00 | $474.00 |
| 4. Johnson, Sean | | 08/23/2017<br>to<br>12/20/2017 | FLSA | $81.45 | $81.45 |
| 5. Maya, Alex | 2814 Azle Ave.<br>Fort Worth, TX 76103 | 06/28/2017<br>to<br>06/28/2017 | FLSA | $135.00 | $135.00 |
| 6. Quintana, Edgar | 3104 N. Crump Street<br>Fort Worth, TX 76106 | 11/15/2017<br>to<br>02/21/2018 | FLSA | $253.17 | $253.17 |
| 7. Torres, Joel | 2421 Loving Ave.<br>Fort Worth, TX 76164 | 02/21/2018<br>to<br>02/28/2018 | FLSA | $22.50 | $22.50 |
| 8. Westmoreland, James | | 10/25/2017<br>to<br>11/22/2017 | FLSA | $256.50 | $256.50 |
| 9. Zavala, Edgar | | 03/01/2017<br>to<br>10/25/2017 | FLSA | $945.69 | $945.69 |

| I agree to pay the listed employees the amount due shown above by 06/08/2018<br><br>Signed: *(signature)*<br><br>Date: 5-4-18 | Employer Name and Address:<br>Collision Maxx<br>Collision Maxx USA, Inc.<br>5500 Watauga Rd.<br>Fort Worth TX 76137 | Subtotal: | $3,168.57 | $3,168.57 |
|---|---|---|---|---|
| | | Total: | $3,168.57 | $3,168.57 |
| | | | | |

Form WH-56

**EXHIBIT B**

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Rolando B. Pablos
Secretary of State

# Forfeiture pursuant to Section 171.309 of the Texas Tax Code
## of
# Collision Maxx USA, Inc.

File Number : 802130122                 Certificate / Charter forfeited :   January 26, 2018

The Secretary of State finds that:

1.  The Secretary has received certification from the Comptroller of Public Accounts under
    Section 171.302 of the Texas Tax Code indicating that there are grounds for the forfeiture
    of the taxable entity's charter, certificate or registration; and

2.  The Comptroller of Public Accounts has determined that the taxable entity has not
    revived its forfeited privileges within 120 days after the date that the privileges were
    forfeited.

Therefore, pursuant to Section 171.309 of the Texas Tax Code, the Secretary of State hereby
forfeits the charter, certificate or registration of the taxable entity as of the date noted above and
records this notice of forfeiture in the permanent files and records of the entity.





Rolando B. Pablos
Secretary of State

Case 3:22-cv-02191-X   Document 1   Filed 10/03/22   Page 11 of 12   PageID 11



U.S. DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, DC 20227

ACTING ON BEHALF OF
U.S. DEPARTMENT OF LABOR
WAGE AND HOUR DIVISION (DOL/WHD)
CERTIFICATE OF INDEBTEDNESS

Collision Maxx
5500 Watauga Rd.
Fort Worth, TX 76137
**EIN:  47-27433973**

I hereby certify, as part of my duties with the U.S. Department of the Treasury (Treasury), including referring matters to the U.S. Department of Justice (DOJ) for litigation, I am a custodian of records of certain files sent by the U.S.  Department of Labor, Wage and Hour Division (DOL/WHD) to Treasury for collection actions.  As a custodian of records for Treasury, I have care and custody of records relating to two (2) debts owed by Collision Maxx (DEBTOR) to DOL/WHD.

The information contained in this Certificate of Indebtedness is based on documents created by an employee or contractor of DOL/WHD based on his/her knowledge at or near the time the events were recorded, including the review of the delinquency of back wage payments, or by an employee or contractor of Treasury based on his/her knowledge at or near the time the events were recorded, including the review of the delinquency of back wage payments.  Treasury's regular business practice is to receive, store and rely on the documents provided by DOL/WHD, when debts are referred to Treasury for collection activities, including litigation.

Upon completion of an investigation covering the DEBTOR's operations from 2/18/2015 through 2/15/2017, DOL issued monetary violations against the DEBTOR in the amount of $23,954.22 with an annual interest rate of 1.00% and an annual penalty rate of 6.00% for failure to pay back wages for fifteen (15) employees.  On May 25, 2017, DEBTOR agreed to pay employees their back wages on or before 8/29/2017.  This debt became delinquent on February 26, 2018, as the DEBTOR failed to honor the repayment agreement.

Upon completion of investigation covering the DEBTOR'S operations from 2/16/2017 through 3/7/2018, DOL issued monetary violations against the DEBTOR in the amount of $3,168.57 with an annual interest rate of 1.00% and an annual penalty rate of 6.00% for failure to pay back wages for nine (9) employees.  On May 4, 2018, DEBTOR agreed to pay employees their back wages on or before 6/8/2018.  This debt became delinquent on December 6, 2018, as the DEBTOR failed to honor the repayment agreement.  DOL/WHD referred the delinquent debts to Treasury on August 10, 2019, and June 2, 2020.

**TRFM11770171**

On June 27, 2022, DMS referred the claim to DOJ for litigation and collection in the amount due of $23,954.22 with daily interest of $0.66 and daily penalty of $3.94.  As of June 29, 2022, the DEBTOR is indebted to the United States in the amounts stated as follows:

**EXHIBIT D**                                                                                                    1



U.S. DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, DC 20227

ACTING ON BEHALF OF
U.S. DEPARTMENT OF LABOR
WAGE AND HOUR DIVISION (DOL/WHD)
<u>CERTIFICATE OF INDEBTEDNESS</u>

| | |
|---|---|
| Principal: | $ 23,954.22 |
| Interest (@1.00%): | $  1,158.33 |
| Penalty (@6.00%): | $  6,889.12 |
| Admin Fees: | $ 11,546.99 |
| **Total:** | **$ 43,548.66** |

**TRFM13703780**

On June 27, 2022, DMS referred the claim to DOJ for litigation and collection in the amount due of $3,168.57 with daily interest of $0.09 and daily penalty of $0.52.  As of June 29, 2022, the DEBTOR is indebted to the United States in the amounts stated as follows:

| | |
|---|---|
| Principal: | $  3,168.57 |
| Interest (@1.00%): | $     257.30 |
| Penalty (@6.00%): | $     775.16 |
| Admin Fees: | $  1,515.84 |
| **Total:** | **$  5,716.87** |

The balance stated in the case(s) listed above is current as of June 29, 2022, including any applicable interest, penalties, administrative fees, and DMS & DOJ fees (pursuant to 31 U.S.C. §§ 3717(e) and 3711(g)(6), (7); 31 C.F.R. 285.12(j) and 31 C.F.R. 901.1(f); and 28 U.S.C. § 527 note).

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief based upon information provided by the DOL and information contained in Treasury's records.

7/7/2022

X _Ashleigh Edmonds_

Signed by: Bureau of the Fiscal Service
Ashleigh Edmonds
Financial Program Specialist
U.S. Department of the Treasury
Debt Management Services

**EXHIBIT D**

2